UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**NISSENBAUM LAW GROUP, LLC**
2400 Morris Avenue, Suite 301
Union, NJ 07083
908-686-8000
Steven L. Procaccini (317428)
*Attorneys for Plaintiff Scott Cawthon*

| | |
|---|---|
| SCOTT CAWTHON,<br>        *Plaintiff,*<br><br>            v.<br><br>ZHOUSUNYIJIE,<br>        *Defendant.* | Civil Action No. 1:22-cv-03021 |

**PLAINTIFF SCOTT CAWTHON'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR ALTERNATIVE SERVICE AGAINST DEFENDANT ZHOUSUNYIJIE**

**NISSENBAUM LAW GROUP, LLC**
2400 Morris Avenue, Suite 301
Union, NJ 07083
908-686-8000
Steven L. Procaccini (317428)
*Attorneys for Plaintiff Scott Cawthon*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ............................................................................................... iii~~iii~~

**PRELIMINARY STATEMENT** ......................................................................................... 1~~1~~

**PROCEDURAL HISTORY** ................................................................................................. 2

**STATEMENT OF FACTS** .................................................................................................. 3~~3~~

**LEGAL ARGUMENT** ........................................................................................................ 7~~7~~

    **THE COURT SHOULD GRANT PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE VIA EMAIL.** ........................................................................................... 7~~7~~

        A.   **Email Service is a Proper Means of Serving a Foreign Defendant Under Rule 4(f)(3).** 7~~7~~

        B.   **The Hague Convention Does Not Prohibit Email Service in a Manner that Would Limit this Court's Ability to Order Alternative Service Under Rule 4(f)(3).** ............. 11~~11~~

        C.   **Public Policy Grounds Also Warrant Ordering Substitute Service on Defendant.** 12~~12~~

**CONCLUSION** .................................................................................................................. 14~~14~~

# **TABLE OF AUTHORITIES**

Cases

*Beijing QIYI Century Science & Tech. Co., Ltd. v. Schenzhen QiYi Innovations Tech. Co., Ltd.*, No. 18-cv-02360, 2018 WL 6589806 (D. Colo. Dec. 13, 2018) …………………………………….10

*Brands United Ltd. v. Universal Studios Licensing LLC*, No. 2:21-cv-08764, 2022 WL 2036318, (C.D. Cal. Jan. 14 2022) ……………………………………………………….………..12, 13

*Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374 (S.D.N.Y. 2018) ……………..………*passim*

*F.T.C. v. Pecon Software Ltd.*, Nos. 12-CV-7186, 12-CV-7188, 12-CV-7191, 12-CV-7192, 12-CV-7195 (PAE), 2013 WL 4016272 (S.D.N.Y. Aug. 7, 2013) ……………………………..……10

*FTC v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013) …..8

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ……………………..8, 10

*Patrick's Restaurant, LLC v. Singh*, No. 18-CV-00764 (ECT) (KMM), 2019 WL 121250 (D. Minn. Jan. 7, 2019) ………………………………………………………………….……..10

*Pearson Educ. Inc. v. Doe 1*, No. 18-CV-7380, 2019 WL 6498305 (S.D.N.Y. Dec. 2, 2019) ..8, 9

*Philip Morris USA Inc. v. Veles Ltd.*, No. 06-CV-2988 (GBD), 2007 WL 725412 (S.D.N.Y. Mar. 12, 2007) …………………………………………………………………………………….9

*Rockefeller Tech. Invs. (Asia) VII v. Changzhou SinoType Tech. Co., Ltd*., 460 P.3d 764, 776 (Cal. 2020) ……………………………………………………………………………...…..12

*Sadis & Goldberg LLP v. Banerjee*, No. 14-CV-913 (LTS), 2014 WL 12838497 (S.D.N.Y. July 3, 2014) ……………………………………………………………………………………….10

*Strabala v. Zhang*, 318 F.R.D. 81 (N.D. Ill. 2016) …………………………………………….9

*Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329 (S.D.N.Y. 2015) …………….…10

*Volkswagen Grp. of Am., Inc. v. Brandcar Store, et al.*, 20-C-3131 Order (N.D. Ill.) ……………9

*Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572 JSW, 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007) ……………………………………………………………………………10

Rules

Fed. R. Civ. P. 4(f)……………………………………………………………………….*passim*

Fed. R. Civ. P. 55(a) …………………………………………………………………………….2

Other Authorities

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ……………………………………………………………………...….…7, 11
Jeremy Walker, *Protecting intellectual property from infringement on Amazon*, NH Business Review, https://www.nhbr.com/protecting-intellectual-property-from-infringement-on-amazon/ …………………………………………………………………………………..12, 13

# **PRELIMINARY STATEMENT**

Plaintiff Scott Cawthon ("**Plaintiff**") respectfully requests that the Court grant his motion for substitute service pursuant to Federal Rule of Civil Procedure 4(f) against the defendant Zhousunyijie ("**Defendant**").

The sole issue before this Court is whether it should grant Plaintiff's motion for alternative service of process on Defendant (a foreign individual; namely from China) via email.

It is respectfully submitted that the answer to the above question should be yes, the Court should grant this motion because (1) email service is a proper means of serving a foreign defendant under Rule 4(f)(3); (2) the Hague Convention does not prohibit email service in a manner that would limit this Court's ability to order alternative service under Rule 4(f)(3); and (3) public policy grounds also warrant ordering substitute service on Defendant.

Therefore, Plaintiff respectfully requests that the Court grant his motion for alternative service of process via email on Defendant.

## **PROCEDURAL HISTORY**

On April 12, 2022, the Complaint in this matter was filed. [ECF 1]. On that same date, service of the Complaint, summons, cover sheet and AO Form 121 was effectuated on Defendant via email. [ECF 10]. On July 8, 2022, a copy of the signed summons was served on Defendant via email. [ECF 10].

To date, the Defendant has not appeared or otherwise moved with respect to the Complaint. Accordingly, Defendant is in default. Fed. R. Civ. P. 55(a).

On August 19, 2022, the Court entered an order setting forth a November 21, 2022 deadline for the filing of default judgment.[1]

---

[1] Plaintiff notes that the instant motion is a necessary prerequisite for the filing of default judgment in this case. Therefore, Plaintiff respectfully requests an extension on the time to file default judgment until seven (7) days following the entry of an order granting the instant motion for substitute service.

## STATEMENT OF FACTS

Plaintiff is the creator, author and intellectual property owner of the Five Nights at Freddy's ("**FNAF**") series of video games and novels. Plaintiff is the rightful legal owner of these properties, including, without limitation, the titles and characters thereof. Plaintiff released the first installment of this renowned and successful video game series in August 2014. The video game franchise has grown to include over twelve games, including: *Five Nights at Freddy's*, *Five Nights at Freddy's 2*, *Five Nights at Freddy's 3*, *Five Nights at Freddy's 4*, *FNaF World*, *Five Nights at Freddy's: Sister Location*, *Freddy Fazbear's Pizzeria Simulator*, *Ultimate Custom Night*, *Five Nights at Freddy's VR: Help Wanted*, *Five Nights at Freddy's AR: Special Delivery*, *Freddy in Space 2* and *Five Nights at Freddy's: Security Breach* (collectively, the "**Five Nights Games**").

The Five Nights Games are available for purchase and download for personal computers on Valve Corporation's Steam digital distribution platform; on mobile platforms such as Apple and Android; as well as traditional and virtual reality video game platforms, such as Sony PlayStation, Nintendo Switch and Microsoft Xbox. Millions of people worldwide have purchased the Five Nights Games. Plaintiff is the owner of over two hundred (200) registered copyrights related to, among other things, the images of the characters in the Five Nights at Freddy's franchise.

Through his licensing entity Scottgames, LLC, Plaintiff actively licenses the famous FNAF characters, including, without limitation, the characters that are the subject of the Copyrights, for use in a variety of merchandise products. *See* Compl. ¶ 17. [ECF 1]. The entire FNAF licensing portfolio has produced millions of dollars of revenue at retail stores. *Id.* ¶ 18. The authorized license program includes, without limitation, authorized licensees who develop and sell adult and

children's apparel depicting the characters. *Id.* ¶ 19. Indeed, the Five Nights Games and the copyrighted characters have a high degree of consumer recognition. *Id.* ¶ 20.

On the other hand, Defendant is an Amazon seller. *Id.* ¶ 23. They are not an authorized licensee of Plaintiff. *See id.* ¶ 24. They marketed and sold apparel that copies, embodies, or constitutes derivative works, of Plaintiff's copyrights. *Id.* ¶ 25.

On or about March 10, 2022, in accordance with Amazon's DMCA Procedures, Plaintiff submitted several notices of infringement ("**Notices**") to Amazon. On or about that same date, Amazon removed Defendant's infringing products from its platform. On or about March 29, 2022, Defendant filed their counter notice (the "**Counter Notice**") in response to the Notices, issued under 17 U.S.C. § 512.

In sum, in that Counter Notice, Defendant certified to the following:

- their name (Zhousunyijie);

- email address (*effergergrg@163.com*);

- mailing address

    (007894hao gongyeyuanchuangyedadaozhongduanzongbelouyilou wanzaixian yichunshi China (address is listed as stated in Defendant's counter-notice); and

- phone number (+8613905526844).

- They <u>consent to the jurisdiction</u> of any judicial district in which Amazon may be found.

- They <u>agree to accept service</u> of process from Plaintiff or his agent.

- Their statements contained in the Counter Notice were <u>true and correct under penalty of perjury</u> and that any false statements in the Counter Notice could lead to civil penalties and criminal prosecution.

*See* Compl. [ECF 1-1]. Specifically, Defendant stated in their Counter Notice:

4

> ASIN: B09MKDDYCN Complaint ID: 9481868541 You recently provided me with a copy of a Notice of Infringement under the Digital Millennium Copyright Act (DMCA). This letter is a Counter-Notification as authorized in &sect; 512(g) of the DMCA. I have a good faith belief that the material identified in the Notice of Infringement was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled. I therefore request that the material be replaced and/or no longer disabled. The material in question formerly appeared on Amazon website with Amazon Standard Identification Number (ASIN): B09MKDDYCN. My contact information is as follows: Full Legal Name: Zhousunyijie Email Address: effergergrg@163.com Mailing Address of 007894hao gongyeyuanchuangyedadaozhongduanzonghelouyilou wanzaixian yichunshi China Phone Number: +8613905526844 (I) I am located in the United States and I consent to the jurisdiction of the Federal District Court for the judicial district in which my address is located (OR) I am located outside of the United States and I consent to the jurisdiction of any judicial district in which Amazon may be found. (II) I agree to accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person. (III) I have a good faith belief that the material identified in the Notice of Infringement was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled. (IV) I declare under penalty of perjury under the laws of the United States of America that this Counter-Notification and all statements therein are true and correct. (V) I ACKNOWLEDGE THAT PROVIDING FALSE STATEMENT IN A COUNTER-NOTICE MAY LEAD TO CIVIL PENALTIES OR CRIMINAL PROSECUTION. Enter your full name as a means of digital signature. Please note that by entering your full name you are providing us with your digital signature that is legally binding. Zhousunyijie

With regard to the above quoted consent from Defendant to jurisdiction of any judicial district in which Amazon may be found: An Amazon fulfilment center is located within this jurisdiction, with an address at 7 W 34th St, New York, NY 10001. Compl. ¶ 9.

In response to Defendant filing the Counter Notice, Amazon directed Plaintiff to file a complaint within ten (10) business days or the infringing products would be reinstated on Amazon's platform. Compl. [ECF 1-1]. On or about April 12, 2022, Plaintiff filed their complaint and notified Amazon. [ECF 1].

Accordingly, Defendant consented to the jurisdiction of this Court and to accept service of process from the Plaintiff or his agent(s).

On or about April 12, 2022, Plaintiff's counsel caused a copy of the Complaint, request for Civil Action Summons, Civil Cover Sheet and AO 121 Form to be served upon the Defendant via the email address <u>that the Defendant provided</u> (effergergrg@163.com). On or about July 8, 2022, our office caused a copy of the executed Civil Action Summons, [ECF 5], to be served upon Defendant via the same address. To date, Defendant has not appeared or otherwise moved in this action.

## LEGAL ARGUMENT

## THE COURT SHOULD GRANT PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE VIA EMAIL.

### A. Email Service is a Proper Means of Serving a Foreign Defendant Under Rule 4(f)(3).

As stated above, the Federal Rules of Civil Procedure anticipate that there may be times that service of process may be accomplished by alternative means. Indeed, Rule 4(f) articulates that service of process upon a foreign individual may be accomplished by various means—yes, in accord with applicable international treaties—but also in qualified circumstances through alternatives that may be ordered by the Court. We respectfully submit that such circumstances apply here and that service of process by email is not simply appropriate, but the just result.

As stated, Defendant is an individual in a foreign country—China. Accordingly, the Court should look to Rule 4(f)[2] when determining whether it should grant Plaintiff's motion.

---

[2] Federal Rule of Civil Procedure 4(f) states:

> (f) SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

Here, Plaintiff is arguing for alternative service under Rule 4(f)(3), which allows for service "by other means not prohibited by international agreement, as the court orders." *See* Fed. R. Civ. P. 4(f)(3).

While a plaintiff may serve process on a foreign defendant pursuant to Hague Convention procedures and Rule 4(f)(1) and 4(f)(2), it is **not** required. *Pearson Educ. Inc. v. Doe 1*, No. 18-CV-7380, 2019 WL 6498305, *2 (S.D.N.Y. Dec. 2, 2019) (quoting Fed. R. Civ. P. 4(f)(3)); *FTC v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 WL 841037, *2 (S.D.N.Y. Mar. 7, 2013).

In other words, a motion under Rule 4(f)(3) does **not** require exhaustion of the other means of service described in the Rule as a prerequisite to granting this motion; nor does it require a showing of extraordinary circumstances. *Pearson Educ. Inc.*, 2019 WL 6498305, at *2 (quoting Fed. R. Civ. P. 4(f)(3)) (holding that a party may request alternative relief under 4(f)(3) **without** needing to show extraordinary circumstances for not first attempting service under 4(f)(1) and 4(f)(2); *PCCare247 Inc.*, 2013 WL 841037, at *2.

When deciding a motion under Rule 4(f)(3) it is incumbent upon the Court to determine "whether the proposed alternative means 'satisf[ies] constitutional due process.'" *Pearson Educ. Inc.*, 2019 WL 6498305, at *2 (quoting *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 378 (S.D.N.Y. 2018)).

Such services will satisfy due process when it is "reasonably calculated, under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

---

(3) by other means not prohibited by international agreement, as the court orders.

8

Here, service of process via email is clearly "reasonably calculated" to apprise Defendant of the pendency of this action and afford them the opportunity to present their objections; therefore, service of process via email will satisfy constitutional due process. *Id.*

Indeed, "[e]mail service has also repeatedly been found by courts to meet the requirements of due process." *Pearson Educ.*, 201 WL 6498305, at *2-3 (citing *Elsevier*, 287 F. Supp. 3d at 379 (collecting cases)). Specifically, federal courts have found, email service on China-based defendants to be proper. *Volkswagen Grp. of Am., Inc. v. Brandcar Store, et al.*, 20-C-3131 Order (N.D. Ill.) (finding that email service of a China-based defendant was proper and citing *Strabala v. Zhang*, 318 F.R.D. 81 (N.D. Ill. 2016)).

Courts have also ordered email service on defendants who have online businesses and regularly communicate with customers via email. *Elsevier*, 287 F. Supp. 3d at 379; *Philip Morris USA Inc. v. Veles Ltd.*, No. 06-CV-2988 (GBD), 2007 WL 725412, *3 (S.D.N.Y. Mar. 12, 2007) (same). Here, Defendant has an online business—through Amazon—and specifically provided their email address as a form of contact, under penalty of perjury, when they submitted their Amazon Counter Notice. In that same Counter Notice, under penalty of perjury, Defendant agreed to accept service from Plaintiff or his agent.

Moreover, in today's global, web-based marketplace, and particularly as a sophisticated, international seller on the Amazon online platform, Defendant would presumably be familiar with correspondence by email, and such correspondence would be more common than physical mail in mainland China. In fact, our office has served Defendant with the pleadings and request(s) for default via email and we have not received any notification that the email was not transmitted or not received. [ECF 10].

Accordingly, the Court can be sure that service sent <u>to the email Defendant themselves provided</u> is "reasonably calculated, under all the circumstances to apprise [Defendant] of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

Moreover, there is precedent for such a position. "**<u>Numerous courts have . . . permitted service on Chinese defendants by email and/or substituted service on legal counsel pursuant to Rule 4(f)(3)</u>**." *Beijing QIYI Century Science & Tech. Co., Ltd. v. Schenzhen QiYi Innovations Tech. Co., Ltd.*, No. 18-cv-02360, 2018 WL 6589806, *3 (D. Colo. Dec. 13, 2018) (emphasis added); *see also Sadis & Goldberg LLP v. Banerjee*, No. 14-CV-913 (LTS), 2014 WL 12838497, *1 (S.D.N.Y. July 3, 2014); *F.T.C. v. Pecon Software Ltd.*, Nos. 12-CV-7186, 12-CV-7188, 12-CV-7191, 12-CV-7192, 12-CV-7195 (PAE), 2013 WL 4016272, *5 (S.D.N.Y. Aug. 7, 2013) (holding service by email on an Indian defendant pursuant to Rule 4(f)(3) was permissible); *Patrick's Restaurant, LLC v. Singh*, No. 18-CV-00764 (ECT) (KMM), 2019 WL 121250, *3 (D. Minn. Jan. 7, 2019); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015) (permitting service by email on Chinese corporation pursuant to Rule 4(f)(3). . . .); *see also Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C 06-06572 JSW, 2007 WL 1140639, *2 (N.D. Cal. Apr. 17, 2007).

Accordingly, Rule 4(f)(3) specifically anticipates the allowance of alternative service of process upon a foreign defendant, consistent with that which the Plaintiff is seeking. We respectfully submit that service by email, to the Defendant's proffered email address, is proper. Thus, Plaintiff's motion should be granted.

**B.    The Hague Convention Does Not Prohibit Email Service in a Manner that Would Limit this Court's Ability to Order Alternative Service Under Rule 4(f)(3).**

To be clear, the reach of Rule 4(f)(3) alternatives are limited insofar as a court is arguably not permitted to order a means of service of process that is "prohibited by international agreement, as the court orders." *See* Fed. R. Civ. P. 4(f)(3). Nevertheless, such limitations are inapplicable to the instant matter and should not constrain this Court.

China is a signatory to the Hague Convention. *Elsevier*, 287 F. Supp. 3d at 378. The Hague Convention does not expressly prohibit service of process via email. *See generally* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters; *see also Elsevier*, 287 F. Supp. 3d at 378. Thus, for that reason alone, the Court could grant Plaintiff's motion.

Moreover, Plaintiff argues that through Defendant's DMCA Counter Notice, Defendant very clearly waived service of process procedures under the Hague Convention, alternatively accepting service of process.[3] Such a waiver is not expressly prohibited by the Hague Convention.

---

[3] Defendant stated the following, in pertinent part, in their Counter-Notice:

- "My contact information is as follows: Full Legal Name: Zhosunyijie Email Address: effergergrg@163.com . . . ."

- "I agree to accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person."

- "I declare under penalty of perjury under the laws of the United States of America that this Counter-Notification and all statements therein are true and correct. (V) I ACKNOWLEDGE THAT PROVIDING FALSE STATEMENT IN A COUNTER-NOTICE MAY LEAD TO CIVIL PENALTIES OR CRIMINAL PROSECUTION. Enter your full name as a means of digital signature. Please note that by entering your full name you are providing us with your digital signature that is legally binding. Zhousunyijie"

*See* [ECF 1-1].

*See generally* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters; *see Brands United Ltd. v. Universal Studios Licensing LLC*, No. 2:21-cv-08764, 2022 WL 2036318, *4 (C.D. Cal. Jan. 14 2022); *see also Rockefeller Tech. Invs. (Asia) VII v. Changzhou SinoType Tech. Co., Ltd*., 460 P.3d 764, 776 (Cal. 2020) (quoting *Alfred E. Mann Living Trust v. ETIRC Aviation S.A.R.L.*, 78 A.D.3d 137, 141, 910 N.Y.S.2d 418 (N.Y.App.Div. 2010)).

In other words, Defendant waived any requirement for Plaintiff to serve Defendant through the means set forth in the Hague Convention. Thus, for that additional reason, the Court should grant Plaintiff's motion.

### C. Public Policy Grounds Also Warrant Ordering Substitute Service on Defendant.

Finally, if the above were not enough, there are also serious public policy grounds that warrant the Court's granting of the instant motion.

Indeed, it is well-established that Amazon is a dominant distribution channel for the retail marketplace, but that it is also rife with infringement. *See* Jeremy Walker, *Protecting intellectual property from infringement on Amazon*, NH Business Review, https://www.nhbr.com/protecting-intellectual-property-from-infringement-on-amazon/ ("**NHBR Article**"). The DMCA was enacted to provide a limited immunity to service providers who are unknowingly allowing third parties to sell infringing products (among other iterations of infringement). The process outlined by the statute—and as reflected in Amazon's and others' procedures—provide a mechanism for a seller to provide notice and have its items re-listed where it has been the subject of a false or frivolous accusation. Likewise, the litigation requirement of the DMCA is intended to ensure that the complainant has a bona fide intellectual property right and that it is not abusing the process.

Unfortunately, at this point, the counter-notifications are being abused by infringers. *See* NHBR Article. The number of infringers on these marketplaces has increased exponentially. *Ibid.* The counter-notifications that are being submitted are often copy-and-paste jobs with little applicability to the underlying complaint. Indeed, many include false names and addresses. Once a counter-notification is issued, an intellectual property owner is compelled to file a lawsuit to prevent the infringing content from being re-listed for sale. *Ibid.*

However, filing such lawsuits to protect the rights-holders become untenable if the latter is forced to commence a litigation <u>and serve the foreign infringers under the Hague Convention</u>. It is impractical, to say the least, given the number of the underlying infringements. Indeed, were the Court to deny the instant motion, one of Plaintiff's only options would be to resort to attempting to serve Defendant through China's Central Authority.

That process would be exceedingly difficult. Adding this additional hoop to jump through, so to speak, under such volatile circumstances would irreparably harm these rights-holders; greatly diminish the value of these legitimate brands; and result in the marketplaces being overrun with infringing products.

To be sure, we are <u>not</u> advocating for a wholesale rejection of the requirements of the Hague Convention. Instead, this is a very nuanced and narrow legal argument that is based on the facts of this case. It is confined to situations in which (1) an intellectual property rights-holder has asserted rights under the DMCA; (2) the infringer thereafter has submitted a counter-notification consenting to jurisdiction and accepting service of process; and (3) such counter-notice is associated with the email address being used for service, and to which the infringer stipulated as accurate under penalty of perjury. Under those circumstances, in addition to all the above, we submit that service by email should be permitted. Indeed, we submit that is why the DMCA

specifically *requires* a counter-notification to be submitted with the infringer's email address and a stipulation of service.  The case law cited above supports such a position.

## **CONCLUSION**

For these reasons, Plaintiff requests that the Motion for Alternative Service be granted, and the proposed order be entered.

                                          Respectfully submitted,

Dated: November 21, 2022         By: */s/Steven L. Procaccini*
                                          Steven L. Procaccini (317428)
                                          NISSENBAUM LAW GROUP, LLC
                                          2400 Morris Avenue (Suite 301)
                                          Union, New Jersey 07083
                                          Tel:    908-686-8000
                                          Fax:   908-686-8550
                                          sp@gdnlaw.com
                                          *Attorneys for Plaintiff*

**CERTIFICATE OF WORD COUNT**

      I certify that the above memorandum of law in support of Plaintiff's motion for default judgment in this matter, which was prepared using Times New Roman 12-point typeface, contains 3741 words, excluding the cover page, this certificate, table of contents, and table of authorities. This certificate was prepared in reliance on the word-count function of the word processing system (Microsoft Word) used to prepare the document.

                                                                                                        _____

                                                                                           Steven L. Procaccini

Dated: November __, 2022